UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JOHN WAYNE, ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| VS. ) | |
| ) | Civil No. SA-06-CV-551-XR |
| CITY OF SAN ANTONIO AND ) | |
| OFFICER JUAN MARTINEZ ) | |
| ) | |
| **Defendants.** ) | |

**ORDER**

On this date, the Court considered Defendant City of San Antonio's motion to dismiss, or alternatively motion for more definite statement, Defendant Officer Juan Martinez's motion to dismiss, and Plaintiff's motion for leave to file an amended complaint. For the reasons discussed below, the motion for leave to file the amended complaint is GRANTED (Docket No. 19). The motion to dismiss the section 1983 official capacity claim against Officer Martinez is GRANTED (Docket No. 15); however, the section 1983 individual capacity claim against Officer Martinez remains and is not addressed in this Order. The Court on its own initiative will DISMISS the section 1983 official capacity claim against Officer Rankin. The motion to dismiss the section 1983 claim against the City of San Antonio is DENIED (Docket No. 14). The motion for more definite statement regarding the section 1983 claim(s) against the City of San Antonio is GRANTED (Docket No. 14).

**I. Factual & Procedural Background**

Plaintiff John Wayne filed a 42 U.S.C. § 1983 claim ("section 1983 claim") against the City of San Antonio ("COSA"), Officer Juan Martinez ("Officer Martinez"), and Officer Sgt. Rankin

("Officer Rankin"), alleging violations of Plaintiff's civil rights. Plaintiff alleges that on or about February 5, 2005, Officers Martinez and Rankin unlawfully arrested him at his home after Plaintiff returned home from an evening out with a friend. Plaintiff alleges that Officer Martinez knocked on his door, but Plaintiff refused to allow Officer Martinez to enter because he did not have a warrant. After being refused entry, Officers Martinez and Rankin allegedly kicked open Plaintiff's door and subdued him. Plaintiff claims that he was "choked by Officer Rankin until he became unconscious." Plaintiff was arrested on a charge of resisting arrest, remained incarcerated for six months, and was eventually released and "exonerated from the charge."

Plaintiff claims that "Defendants' actions were in violation of his constitutional rights of due process of law, the right to be free from unreasonable searches and seizures, and the deprivation of his liberty without probable cause or even reasonable suspicion that plaintiff has committed a crime. Further plaintiff was assaulted by defendant Officers Martinez and Rankin, causing him bodily harm." Plaintiff seeks damages of $250,000 incurred as a result of his alleged assault, wrongful arrest, and six-month detention. Plaintiff is suing Officers Martinez and Rankin in their individual and official capacities.[1] Plaintiff claims that COSA is subject to *Monell* liability under section 1983 for the actions of Officers Martinez and Rankin and that "[t]he use of excessive force to subdue

---

[1] The Court is repeating the factual and legal allegations contained in Plaintiff's proposed amended complaint because the Court is granting Plaintiff's motion for leave to file. The Court will also evaluate Defendants' motions to dismiss based on the content of Plaintiff's proposed amended complaint. Due to new rules associated with electronic filing in the Western District of Texas, Plaintiff is ORDERED to file the amended complaint within two weeks from the date that this Order is signed. *See* ADMINISTRATIVE POLICIES AND PROCEDURES FOR ELECTRONIC FILING IN CIVIL AND CRIMINAL CASES, Rule 4(c). That amended complaint must contain a more definite statement of the section 1983 claim(s) against COSA. *See infra*. Defendants may respond to the amended complaint within ten days after service of the amended pleading. FED. R. CIV. P. 15(a). The Court notes that Plaintiff added Officer Rankin as a party in the amended complaint and that Officer Rankin has not yet been served.

persons suspected of having committed a crime is a persistent and widespread practice that rises to the level of a custom or practice" within the San Antonio Police Department.

Both COSA and Officer Martinez filed an answer to Plaintiff's original complaint, and then they both filed motions to dismiss. COSA argues that although municipalities may be held liable under section 1983, COSA is not subject to vicarious or *respondeat superior* liability for the actions of its police officers. Instead, municipal liability under section 1983 may arise only when the harm occurred as a result of an official policy or custom of the municipality. COSA argues that Plaintiff has failed to allege the existence of a policy or custom subjecting COSA to liability under section 1983. In the alternative, COSA seeks an order compelling Plaintiff to re-plead his allegations with specific supporting facts and legal argument that will overcome COSA's Rule 12(b)(6) motion.

Defendant Officer Martinez sought dismissal of all claims against him because Plaintiff's original complaint appeared only to allege a section 1983 claim against him in his official capacity. As such, Officer Martinez argues that an official capacity claim against him is equivalent to a claim against COSA and should be dismissed because COSA is already a named party to the lawsuit.[2]

## II. Legal Analysis

**A.     Plaintiff's motion for leave to file an amended complaint is granted**

Defendants filed their motions to dismiss after they filed their answers, which constitutes a responsive pleading for purposes of Rule 15. After a responsive pleading is filed, the Court should grant leave to amend freely when justice so requires. Fed. R. Civ. P. 15(a). However, if an amended complaint cannot survive a motion to dismiss, a district court has the discretion to refuse the

---

[2]Plaintiff's amended complaint indicates that he is suing Officers Martinez and Rankin in their individual and official capacities.

amendment. *Pan-Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539, 546 (5th Cir. 1980); *Lee v. Morial*, No. 01-30875, 2002 WL 971519, *3 (5th Cir. April 26, 2002).

Defendants seek dismissal of the section 1983 claim against COSA and the section 1983 official capacity claim against Officer Martinez. Plaintiff's response to Defendants' motions to dismiss simply states that the proposed amended complaint cures any deficiencies. The Court will GRANT the leave to amend and will evaluate the motions to dismiss based on the content of Plaintiff's proposed amended complaint. *See* fn.1.

**B.     Standard of review for a motion to dismiss**

In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The issue is not whether the plaintiff will prevail but whether the plaintiff is entitled to pursue his complaint and offer evidence in support of his claims. *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996). The Court may not look beyond the pleadings in ruling on the motion. *Baker*, 75 F.3d at 196. Motions to dismiss are disfavored and are rarely granted. *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999). Dismissal should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id*. at 164 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). However, the Court does not accept conclusory allegations or unwarranted deductions of fact as true. *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994).

C. **The motion to dismiss the section 1983 official capacity claim against Officers Martinez is GRANTED, and the Court on its own initiative will dismiss the section 1983 official capacity claim against Officer Rankin**

Suing a government official in his official capacity is another way of pleading against the entity of which the official is an agent. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). In other words, an official capacity suit is to be treated as a suit against the entity. *Id*. "An official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* at 171. Because COSA is a named party in the amended complaint, no purpose is served by allowing Plaintiffs' duplicative section 1983 official capacity claims against Officers Martinez to proceed. Defendants' motion to dismiss Plaintiffs' section 1983 claim against Officer Martinez in his official capacity is GRANTED. Although Officer Martinez sought dismissal of the entire lawsuit against him, Plaintiff's amended complaint alleges a section 1983 individual capacity claim against him. Since that claim was not addressed in Officer Martinez's motion to dismiss, it remains and will not be addressed by the Court in this Order.

The Court will also DISMISS the section 1983 official capacity claim against Officer Rankin. *See Shawnee Intern., N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984)("[W]e . . . align ourselves with our colleagues in the other circuits who have held that a district court may dismiss a complaint on its own motion for failure to state a claim.")(citing *Silverton v. Dept. of the Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981)("A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related.")

D. **The motion to dismiss the section 1983 claim against COSA is DENIED**

In order to properly state a section 1983 claim against Defendant City of San Antonio,

Plaintiffs must identify (1) an official policy or custom (2) of the city's policymaker (3) that caused (4) the plaintiffs to be subjected to a deprivation of a constitutional right. *Palmer v. City of San Antonio*, 810 F.2d 514, 516 (5th Cir. 1987)(quoting *Grandstaff*, 767 F.2d at 169). Municipalities are not liable for the constitutional torts of their employees, unless those employees act pursuant to official policy or custom. *Monell*, 436 U.S. at 663 n.7 (1978)(stating the doctrine of *respondeat superior* is not a basis for rendering municipalities liable under section 1983 for the constitutional torts of their employees).

"To support a claim based upon the existence of an official custom or policy, the Plaintiff must plead facts which show that: 1) a policy or custom existed; 2) the governmental policy makers actually or constructively knew of its existence; 3) a constitutional violation occurred; and 4) the custom or policy served as the moving force behind the violation." *Meadowbriar Home for Children, Inc. v. G.B. Gunn*, 81 F.3d 521, 532-33 (5th Cir. 1996)(citing *Palmer*, 810 F.2d at 516). COSA moves to dismiss Plaintiff's section 1983 claim on the ground that Plaintiff has failed to allege any specific policy or custom maintained by the City that caused Plaintiffs' alleged constitutional deprivations.

Plaintiffs must first allege facts sufficient to show, if proven, that Defendant City of San Antonio, through its policy makers, formulated or had constructive knowledge of an official policy that sanctioned or encouraged a deprivation of rights protected by the Constitution. *See Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984). Official policy is:

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
>
> 2. A persistent, widespread practice of city officials or employees, which, although

> not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.

*Id.*

The generic pleading requirements of Rule 8(a) governs section 1983 suits against municipalities and individual defendants in their official capacities. *Anderson v. Pasadena Indep. Sch. Dist.*, 184 F.3d 439, 443 (5th Cir. 1999). Plaintiff need only provide "'a short and plain statement of the claim' that will give Defendants fair notice of what Plaintiff's claim is and the ground upon which it rests." *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993). In *Leatherman*, the Supreme Court held that federal courts could not apply a "heightened pleading standard" to municipalities and public officials sued in their official capacities. *Id.* at 165, 166-67.

In contrast to section 1983 claims against municipalities, nothing in *Leatherman* spoke to whether qualified immunity requires Plaintiffs to satisfy a heightened pleading standard for section 1983 individual capacity claims against public officials. In *Schultea v. Wood,* The Fifth Circuit held that section 1983 individual capacity claims must satisfy a heightened pleading standard, meaning that the complaints in such cases must be pled with factual detail and particularity, not mere conclusory allegations. 47 F.3d 1427, 1430 (5th Cir. 1995)(en banc); *Anderson*, 184 F.3d at 443. If the Court believes that the complaint is insufficient to overcome the qualified immunity defense to the section 1983 individual capacity claim, the Court should order a Rule 7(a) reply. *See Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999)("Trial courts ought routinely require plaintiffs to file a reply under [Rule] 7(a) to qualified immunity defenses."); *see also Nunez v. Simms*, 341 F.3d 385,

388 (5th Cir. 2004) ("Heightened pleading in qualified immunity cases requires that plaintiffs rest their complaint on more than conclusions alone and plead their case with precision and factual specificity.")  Defeating a defendant's defense under "the immunity doctrine will ordinarily require such a reply," and is properly ordered "when greater detail might assist." *Schultea*, 47 F.3d at 1434.

Thus, for pleading purposes, section 1983 claims against municipalities are treated differently than section 1983 individual capacity claims against public officials. *See Mack v. City of Abilene*, 461 F.3d 547, 556 (5th Cir. 2006).  Plaintiff's section 1983 claim against the City need only meet the generic notice pleading standard of Rule 8(a), not the heightened pleading standard applicable to section 1983 individual capacity claims against public officials.

In regard to COSA, Plaintiff claims that "the City, through the acts and omissions of its City Council, Mayor or other responsible employees, condoned, approved, ratified, and authorized the acts complained of herein and established policies, practices, customs, usages, and procedures which effectively permitted, authorized, approved, condoned and/or ratified the conduct made the basis of this suit." Citing *Pineda v. City of Houston*, Plaintiff claims that the Officers actions were the result of a practice or custom "that excessive force is an approve [sic] method of subduing persons suspected of having committed a crime." Constructive knowledge of a custom by the policymaker "may be inferred from the widespread extent of the practices, general knowledge of their existence, manifest opportunities, and official duty of responsible policymakers to be informed, or combinations of these." *Pineda v. City of Houston*, 291 F.3d 325, 330 n.15 (5th Cir. 2002) (quoting *Spell v. McDaniel*, 824 F.2d 1380, 1391 (4th Cir. 1987)).  In *Pineda*, the Fifth Circuit held that 13 incidents of misconduct by Houston Police Officers was legally insufficient to prove a that a custom of excessive force existed of which the City of Houston should have had constructive knowledge.

*Pineda*, 291 F.3d at 329.

The central legal issue regarding this section 1983 claim against COSA is whether "boilerplate" language in the complaint concerning the existence of a custom or practice is enough to survive a motion to dismiss. The Court acknowledges that the amended complaint in this case is four pages long and devotes only two paragraphs to municipality liability. Those two paragraphs generally paraphrase the legal standard for imposing municipal liability under section 1983 and generally allege that a custom or policy exists. Although explicit reference is made to a custom of using excessive force, Plaintiff fails to clearly indicate whether he is alleging that other customs or policies exist. In the "Facts" section of his amended complaint, Plaintiff appears to allege that the officers made a false arrest without probable cause and used excessive force, which both constitute independent section 1983 individual capacity claims. Moreover, Plaintiff generally alleges that COSA "condoned, approved, ratified, and authorized the acts complained of herein" by its custom or policies. Does that mean that in addition to alleging the existence of a custom of using excessive force, Plaintiff is also alleging the existence of a custom of condoning false arrests? Is Plaintiff alleging that COSA failed to train or supervise the Officers? The Court disapproves of Plaintiff's failure to clearly define the nature and scope of the custom or policy to which he refers.

Based on *Leatherman*'s holding that section 1983 claims against municipalities only need to satisfy the generic notice pleading requirements of Rule 8, the Court reluctantly finds that Plaintiff's "boilerplate" language concerning the existence of a custom or practice must survive COSA's motion to dismiss. In *Leatherman,* the Court held that heightened pleading standards for civil rights claims against municipalities could not be squared with the "liberal system of 'notice pleading' set up by the Federal Rules." 507 U.S. at 168. Rule 8(a) requires simply a "short and plain

statement of the claim showing that the pleader is entitled to relief." *Leatherman* disapproved of the argument that "[t]o establish municipal liability under § 1983 . . . a plaintiff must do more than plead a single instance of misconduct." 507 U.S. at 167.  Most importantly, the *Leatherman* complaint, which was deemed adequate by the Supreme Court to survive a motion to dismiss, was described by the Fifth Circuit as follows:

> [Plaintiffs'] complaint alleged generally that the municipalities failed to formulate and implement an adequate policy to train its [sic] officers in the proper manner to execute search warrants and respond when confronted by family dogs. The allegations were of the "boilerplate" variety, alleging no underlying facts other than the [two] events [of police misconduct] described above to support the assertions that the municipalities had adopted policies, customs, and practices condoning the conduct of the officers involved . . . .
> . . . .
> While plaintiffs' complaint sets forth the facts concerning the police misconduct in great detail, it fails to state any facts with respect to the adequacy (or inadequacy) of the police training.

*Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 954 F.2d 1054, 1056, 1058 (5th Cir.1992)(footnotes omitted), *rev'd*, 507 U.S. 163 (1993).  Plaintiff's complaint contains boilerplate language very similar to the *Leatherman* complaint.  Additionally, several district court cases suggest that Plaintiff need not specify at the pleading stage the proof upon which he or she bases the claim that a municipal policy or custom was in existence.  *See, e.g., Doucet v. Wadja*, No. 92-4058, 1993 WL 92527, *3 (E.D. La. Mar. 22, 1993)(finding that the section 1983 individual capacity claims against the police officers lacks sufficient particularity to satisfy the heightened pleading standard but finding that the section 1983 claim against the City satisfied the generic notice pleading standard of *Leatherman*); *Jacobs v. Port Neches Police Dept.*, No. 1:94-CV-767, * (E.D. Tex. June 26, 1996)(finding that the "boilerplate" language concerning the existence of a custom or practice satisfied the generic notice pleading standard of *Leatherman*).  Since COSA is not entitled

to a qualified immunity defense, a Rule 7 reply is not an appropriate vehicle for fleshing out the factual allegations concerning municipal custom or practice. *See Owen v. City of Independence*, 445 U.S. 622, 638 (1980)(holding that the qualified immunity defense only applies to public officials, not to municipalities); *see Reyes,* 168 F.3d at 161 (stating that a Rule 7 reply is a response to the qualified immunity defense). At the very least, Plaintiff's complaint alleged a custom of using excessive force. Therefore, the motion to dismiss the section 1983 claim against the City is DENIED.

E.   **If the Officers assert a qualified immunity defense to Plaintiff's section 1983 individual capacity claims, the Court will require Plaintiff to file a Rule 7 reply that describes the events giving rise to the claim with greater factual detail and particularity**

The factual description of the events surrounding the arrest is one paragraph long, and it does not discuss why the police came to Plaintiff's residence, whether they had actually had a warrant, whether Plaintiff disregarded commands by the Officers once they entered the home, whether Plaintiff resisted arrest, whether Plaintiff threatened the Officers, why Plaintiff remained in jail for six months if no charges were filed, and why the charges were eventually dismissed. These facts do not satisfy the heightened pleading standard applicable to section 1983 individual capacity claims, and the Court will require a Rule 7 reply from Plaintiff if Officers Martinez and Rankin assert the qualified immunity defense. Plaintiff would be well advised to file his amended complaint with greater factual detail and particularity concerning the events giving rise to the claim so that Plaintiff will not be required to file a Rule 7 reply.

F.   **The motion for a more definite statement regarding the section 1983 claim against COSA is GRANTED**

If a complaint is ambiguous or does not contain sufficient information to allow a responsive

pleading to be framed, the proper remedy is a motion for a more definite statement under Rule 12(e). *Beanal*, 197 F.3d at 164. A complaint that contains a "bare bones" allegation that a wrong occurred and that does not plead any of the facts giving rise to the injury does not provide adequate notice. *Walker v. South Cent. Bell Tel. Co.*, 904 F.2d, 275, 277 (5th Cir.1990). In this case, Plaintiff has insufficiently alleged the facts giving rise to the injury, and he has alleged that the San Antonio Police Department has a policy or custom or using excessive force. The Court faces a difficult task in trying to reconcile the 12(b)(6) standard of review, which does not accept conclusory allegations or unwarranted deductions of fact as true, the Rule 8(a) standard, which only requires a "short and plain statement of the claim," and the *Leatherman* standard, which explicitly rejects a heightened pleading standard for section 1983 claims against municipalities. Although Plaintiff arguably gives fair notice in alleging a custom of using excessive force, Plaintiff fails to clearly identify the factual circumstances when he claims that excessive force is customarily used. Plaintiff's vague pleadings regarding the municipality could be construed to allege that the City has a custom of violating every constitutional right that the Officers are alleged to have violated. Plaintiff's vague pleadings regarding the municipality could also be construed as alleging a failure to train or supervise claim. Notably, all of the various permutations of section 1983 claims that are available against municipalities involve analytically distinct legal standards. Even the *Leatherman* complaint stated "that the municipalities failed to formulate and implement an adequate policy to train its [sic] officers in the proper manner to execute search warrants and respond when confronted by family dogs." Thus, the *Leatherman* complaint clearly stated the claim—failure to train—and it stated the factual predicate for the claim—failure to train in executing search warrants and responding to family dogs. Plaintiff's complaint clearly states only one claim—custom of using excessive

force—but states a vague factual predicate—use of excessive force to subdue persons suspected of having committed a crime. The Court finds that Plaintiffs section 1983 claim against the City just barely meets the notice pleading requirement of Rule 8 and just barely survives COSA's motion to dismiss because Plaintiff does not adequately develop the factual predicate for that claim.

The motion for more definite statement pursuant to Rule 12(e) is GRANTED. With the exception of the section 1983 claim against the City for having a custom of use of excessive force, all other implied 1983 claims against COSA are so vague and ambiguous that COSA was not given fair notice of other potential section 1983 claims against it. The Court expects Plaintiff to file an amended complaint that clearly and specifically defines all section 1983 claim(s) against COSA and the factual predicate for those claim(s). By requiring a factual predicate for the section 1983 claim(s) against COSA, the Court requires Plaintiff to allege that the policy or custom exists within a particular, limited, and defined factual context. In other words, global assertions that COSA failed to train or supervise, or had a custom of using excessive force, or had a custom of condoning false arrests will fail unless Plaintiff alleges that COSA failed to train its officers to do [XXX], or COSA has a custom of using excessive force in [XXX] factual situation against [XXX] group of individuals, or COSA has a custom of condoning false arrests in [XXX] factual situation against [XXX] group of individuals. Plaintiff should also supplement the factual predicate regarding his "custom of using excessive force" claim. Naked, conclusory allegations that a municipal custom or policy exists, without more (i.e. a factual predicate), do not satisfy the notice pleading requirement of Rule 8 and are subject to dismissal. A motion for more definite statement is appropriate in this case so that COSA can file a responsive pleading to Plaintiff's amended complaint. See Fed. R. Civ. P. 15(a).

Case 5:06-cv-00551-XR   Document 26   Filed 11/30/06   Page 14 of 14

### III. Conclusion

The motion for leave to file the amended complaint is GRANTED (Docket No. 19). The motion to dismiss the section 1983 official capacity claim against Officer Martinez is GRANTED (Docket No. 15); however, the section 1983 individual capacity claim against Officer Martinez remains and is not addressed in this Order. The Court on its own initiative will DISMISS the section 1983 official capacity claim against Officer Rankin. The motion to dismiss the section 1983 claim against the City of San Antonio is DENIED (Docket No. 14). The motion for more definite statement regarding the section 1983 claim(s) against the City of San Antonio is GRANTED (Docket No. 14).

It is so ORDERED.

SIGNED this 30th day of November, 2006.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE